119 F.3d 6
 80 A.F.T.R.2d 97-5665, 97-2 USTC P 50,593
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Joseph MACHADO; Robert R. Machado; Kerry Machado,
Petitioners-Appellants,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 No. 96-70624.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 14, 1997**
Decided July 18, 1997.
 
 Appeal from the United States Tax Court.
 Before HUG, Chief Judge, KOZINSKI, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Joseph, Robert, and Kerry Machado ("Machados") appeal pro se the Tax Court's decision upholding the Commissioner of Internal Revenue's ("Commissioner") determination of deficiencies in their federal income taxes and additions to tax for the tax year 1988. The Machados challenge the Tax Court's finding that they were not engaged in horse racing and horse breeding primarily for profit, and that they did not materially participate in the LB Partnership. We have jurisdiction pursuant to I.R.C. § 7482(a), and affirm.
 
 
 3
 The Machados contend that the Tax Court erred by finding that they did not have a bona fide profit motive in racing and breeding horses. This contention lacks merit.
 
 
 4
 We review for clear error the Tax Court's finding that a taxpayer is not engaged in an activity primarily for profit under I.R.C. § 183. See Wolf v. Commissioner, 4 F.3d 709, 712 (9th Cir.1993). "Under the clearly erroneous standard, '[i]f the [tax court's] account of the evidence is plausible in light of the record viewed in its entirety, the court of appeals may not reverse it even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently.' " Id. at 712-13 (alterations in original) (citation omitted).
 
 
 5
 Under section 183(a), if an activity is not engaged in for profit, then any expense attributable to such activity is not deductible.[1] See I.R.C. § 183(a). Although the proper focus of the test is the taxpayer's subjective intent, objective indicia set forth in the Treasury Regulations may be used to establish the taxpayer's intent. See, e.g., Skeen v. Commissioner, 864 F.2d 93, 94 (9th Cir.1989). "Profit must be the predominant, primary or principal objective of the [taxpayer]." Wolf, 4 F.3d at 713 (citations omitted). The burden of proving the requisite profit motive is on the taxpayer. See id.
 
 
 6
 Viewed in its entirety, the Tax Court's finding that the Machados was not engaged in an activity for profit within the meaning of section 183 is not clearly erroneous. In rendering its decision, the Tax Court considered, among other things, that the Machados had little or no experience in racing and breeding horses, failed to operate their breeding and racing activities in a business like manner, suffered substantial losses from both activities without showing that the losses were due to ordinary business risks or unforeseen circumstances, and devoted a minimal amount of time to their horse breeding and horse racing activities.[2] Although some facts and some of the factors set forth in the Treasury Regulations may support the Machados case, see, e.g., Treas.Reg. § 1.183-2(b)(4) (providing that the expectation that the assets will appreciate is a proper factor to consider), in order to succeed on appeal, the Machados must show that the Tax Court committed clear error by finding that they were not engaged in racing and breeding primarily for profit. See Wolf, 4 F.3d at 712-713. This they failed to do. Accordingly, the Tax Court did not clearly err by finding that the Machados were not engaged in an activity for profit within the meaning of section 183. See id. at 713.
 
 
 7
 The Machados also contend that the Tax Court erred by not allowing them to offset their nonpassive income with the passive losses generated by the LB partnership because they materially participated in the partnership. We disagree.
 
 
 8
 The Tax Court's finding that taxpayers did not materially participate in a passive activity is a factual finding reversible for clear error. See Wolf, 4 F.3d at 712-13.
 
 
 9
 Losses generated by passive activities may not be used to offset income generated from nonpassive activities. See I.R.C. § 469. A "passive activity" is any activity involving the conduct of a trade or business in which the taxpayer does not materially participate. See I.R.C. § 469(c)(1). A taxpayer will be found to materially participate in an activity if and only if he fits into at least one of seven categories. Temp.Treas.Reg. § 1.469-5T(a). The only category relevant to this case is whether, based on all the facts and circumstances, the taxpayer participates in the activity on a regular, continuous, and substantial basis during the taxable year. See Temp.Treas.Reg. § 1.469-5T(a)(7). In order to qualify under this category, however, the taxpayer must first show that he participated in the activity for more that 100 hours during the tax year. See Temp.Treas.Reg. § 1.469-5T(b)(2)(iii).
 
 
 10
 Here, the Machados' submitted their 1988 calendar containing entries for various activities as evidence of their participation in the LB Partnership. The log, however, does not detail the amount of time the taxpayers spent on these activities. Although Joseph Machado's gave uncorroborated testimony that he spent "hundreds of hours" researching stallions to breed with La Barbara, the trial judge did not credit this testimony. We give special deference to a fact finder's credibility findings. See Anderson v. Bessemer City, 470 U.S. 564, 575 (1985). Because the Machados did not establish that they spent more than 100 hours on partnership activities, the Tax Court properly found that the losses generated were passive, and therefore, unavailable as offsets against nonpassive income. See I.R.C. § 469.
 
 
 11
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir. R. 34-4. Accordingly, the Machados's request for oral argument is denied
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Section 183(b) contains two exceptions to the general rule, which are not applicable to this case. See I.R.C. § 183(b)(1) & (2)
 
 
 [2]
 The Machados contend that the Tax Court's finding that their activities were commingled and did not reflect whether the expenses related to the horse breeding or racing activity was clearly erroneous because they used a coding system to identify the expenses and income attributable to each activity. The Machados' coding system, however, was not explained before the Tax Court. In any event, the maintenance of accurate books and records is only one nonconclusive factor to be considered in determining whether a taxpayer has a profit motive. See Treas. Reg. § 1.183-2(b)(1)